IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPHINE BOLOGNA, | : | No. 3:13cv2200 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| ANTHONY MULLEN, | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court is Plaintiff Josephine Bologna's (hereinafter "plaintiff") complaint seeking damages from an automobile accident. (Doc. 1). A review of the complaint reveals that it fails to establish this court's subject matter jurisdiction. Therefore, the court will order plaintiff to cure the defects identified in this memorandum or face dismissal of this action.

**Background**

Plaintiff filed the instant action against Defendant Anthony Mullen on August 21, 2013. (Doc. 1, Compl.). Plaintiff contends that this court has subject matter jurisdiction pursuant to the diversity statute. See 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States"). In support of this contention, the complaint alleges as follows:

1. At all times hereinafter mentioned, the plaintiff, Josephine

> Bologna, was, and still is a citizen of the United State of America and a resident of the County of Richmond, Borough of Staten Island, City and State of New York.
>
> 2. Upon information and belief, defendant, Anthony Mullen was, and still is a citizen of the United States of America and a resident of the County of Monroe, Pocono Lake, State of Pennsylvania.

(Id. ¶ 1). For the following reasons, we find these averments are insufficient to establish federal subject matter jurisdiction.

**Discussion**

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. See Shaffer v. GTE N., Inc., 284 F.3d 500, 502 (3d Cir. 2002) (citing Club Comanche, Inc. v. Gov't of the V.I., 278 F.3d 250, 255 (3d Cir. 2002)). Pursuant to the Federal Rules of Civil Procedure, federal complaints are required to contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." FED. R. CIV. P. 8(a)(1).

Here, plaintiff claims diversity jurisdiction. Cases are properly brought in federal district court under the diversity statute when the action involves citizens of different states and an amount in controversy, exclusive of interest and costs, in excess of $75,000.00. See 28 U.S.C. § 1332(a). In cases premised on diversity of citizenship, there must be complete diversity between the plaintiff and all of the defendants. See Gen. Refractories Co. v. First

State Ins. Co., No. 04-3509, 2012 WL 424247, at *2 (E.D. Pa. Jan. 30, 2012) (citing Stawbridge v. Curtiss, 7 U.S. 267 (1806)). Moreover, when federal jurisdiction is premised on diversity, a plaintiff's failure to allege citizenship is fatal. See Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n, 554 F.2d 1254, 1256 (3d Cir.1977) (citing Thomas v. Bd. of Trs., 195 U.S. 207, 211 (1904)). District courts cannot overlook such a defect, even when the parties fail to call attention to it or when they consent to have it waived. Id. Furthermore, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." Id.

In the instant case, diversity of citizenship is insufficiently alleged in the complaint as to both plaintiff and defendants. For natural persons, "[c]itizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" McCann v. Newman Irrevocable Trust, 548 F.3d 281, 286 (3d Cir. 2006) (quoting Vlandis v. Kline, 412 U.S. 441, 454 (1973)).

The complaint alleges that plaintiff is a "resident" of Richmond County, New York and that defendant is a "resident" of Monroe County, Pennsylvania.

3

It is well established, however, that the term "citizenship" is not synonymous with "resident."  See Bell v. Pleasantville Hous. Auth., 443 F. App'x 731, 734 (3d Cir. 2011) (finding that the plaintiff's physical presence at the address of residence is "but only one factor" a court would examine to determine the plaintiff's place of domicile); see also Pa. House, Inc. v. Barrett, 760 F. Supp. 439, 449 (M.D. Pa. 1991) ("Although a party's residence is prima facie evidence of domicile, residency alone is insufficient to establish jurisdiction on the basis of diversity: two elements are necessary to establish domicile, residency coupled with an intent to continue to remain at that location.").  In the instant case, to properly allege diversity jurisdiction, plaintiff must allege the parties' state of citizenship, not merely the place of their current residence.

**Conclusion**

For the reasons stated above, the court holds that the complaint fails to adequately allege a basis for this court to exercise subject matter jurisdiction because it alleges the citizenship of neither plaintiff nor defendant.  Thus, the court cannot determine whether subject matter jurisdiction exists.  The court will allow plaintiff fourteen (14) days to cure the defects identified in this memorandum.  Failure to file an adequate amended complaint will result in the dismissal this case.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPHINE BOLOGNA,<br>Plaintiff | : | No. 3:13cv2200 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| ANTHONY MULLEN,<br>Defendant | : | |

## ORDER

**AND NOW**, to wit, this 21st day of August 2013, Plaintiff Josephine Bologna shall file an amended complaint that adequately alleges subject matter jurisdiction within fourteen (14) days of the date of this Order. Failure to file an adequate amended complaint will result in the dismissal of the case.

                                            **BY THE COURT:**

                                            s/ James M. Munley
                                            **JUDGE JAMES M. MUNLEY**
                                            **United States District Court**